ELVA O. NEWTON, petitioner,

*v.*

JOHN J. NEWTON, defendant.

[Decided May 22d, 1935.]

*Mr. Le Roy W. Loder,* for the petitioner.

*Mr. Francis A. Slanger, Jr.,* and *Mr. Frederick B. Edwards,* for the defendant.

KRAFT, A. M.

The petitioner alleges in her petition that the defendant procured a divorce from her in the civil branch first instance judicial district of Nogales, Sonora, Mexico, which is a nullity, and which she prays may be annulled and for nothing holden; that on April 19th, 1930, the defendant went through a pretended marriage ceremony with one Maud D. Filer, since which time the said Maud D. Filer and the

defendant have lived together continuously as husband and wife at Bridgeton, New Jersey; that the defendant has been guilty of adultery with said Maud D. Filer since April 19th, 1930, down to the present time, and the petitioner prays a decree of divorce for said adultery, and that the defendant may be decreed to provide support for herself and her two minor children. The defendant filed an answer in this cause as a defense to the petitioner's prayer for relief, the validity of the Mexican divorce.

The uncontradicted testimony on the part of the petitioner shows that she and the defendant were married on April 10th, 1918, and that she and the defendant immediately went to live in Bridgeton, New Jersey, where they lived together in the same house continuously from the time of their said marriage until March 23d, 1929, when the defendant left their home, and that he has lived at other places in Bridgeton aforesaid continuously from that time down to the present time; that the petitioner and defendant had two children born to them: namely, John J. Newton, Jr., born January 31st, 1920, and Thomas Martin Newton, born July 18th, 1922, both of whom have lived with the petitioner since the defendant left their home on March 23d, 1929; that the defendant has been in continuous employ of the Martin Dyeing and Finishing Company at Bridgeton (in which company he is also a stockholder) for the past eighteen years, at present receiving a salary of sixty-five hundred dollars ($6,500) per year besides a bonus.

The petitioner testified that sometime in January, 1929, the defendant told their children that he was going away on a business trip, and that he remained away for *eleven* days; that on February 17th, 1929, a paper was served upon her by the sheriff of Cumberland county, and that she could not read the paper because it was in a foreign language; that about a half-hour after the paper had been served the defendant called her on the telephone and asked her whether a paper had been served upon her and she said, "yes, Jack, what is the meaning of this?" Defendant said, "I am coming over shortly and will talk it over with you." She also testified

when the defendant came home he told her he had been to Mexico and wanted a divorce, and had started it in Mexico; that she told him she felt terrible and he said, "well, that was his final decision and was definite." She further testified that this was the first time she knew what he had done while he was away from the home for eleven days; that she had never been to Mexico in her life, and she and her husband had never been domiciled there; that she entered no appearance in said Mexican divorce suit nor did she employ or authorize any lawyer or anyone else to enter any appearance for her in said suit.

Counsel for the defendant stated that at no time has the defendant ever represented himself to be a citizen of Mexico, and that the defendant on April 19th, 1930, went through a ceremonial marriage with one Maud D. Filer at Hartford, Connecticut, ever since which time the defendant and said Maud D. Filer have lived together continuously as husband and wife at Bridgeton, aforesaid.

The defendant and his counsel were present and were in conference throughout the final hearing in this cause, yet the defendant did not take the stand to give any testimony. At the conclusion of the taking of the testimony on the part of the petitioner, counsel for the defendant stated that no testimony was to be offered on the part of the defendant, he stating, "we rest. We believe that the testimony that is now in the case is sufficient to be considered by the court."

By consent of counsel, a certified copy of the Mexican decree of divorce (written in the Spanish language), and a translation thereof into the English language, were put in evidence, which decree among other things, recites:

"Upon the papers and proceedings of the action for divorce by John J. Newton against his wife, Elva Otto Newton, *both American citizens and domiciled in the City of Bridgeton, State of New Jersey, United States of America.*" (Italics mine.)

There was attached to said certified copy of said decree of divorce the certificate of the consul of the United States of America, at Nogales, Sonora, Mexico, that the person who

certified said copy of said decree was, at the time of the signing thereof, the secretary of the civil branch of the court of first instance of the judicial district of Nogales, Sonora, Mexico, and said certificate also recited the summary of a decision of the supreme court of Mexico, as follows:

"The authority competent to try a divorce case is the Judge having jurisdiction where the husband and wife are domiciled; and according to Art. 27 of the Civil Code of the Federal District, *in order to acquire domicile it is not sufficient to live at a certain place but necessary that the residence be habitual.*" \* \* \* No. 2336, 1929, 2nd Section. (Italics mine.)

I find from the testimony, answer, and final decree, that neither the petitioner nor the defendant were ever residents of or domiciled in Mexico, but that they were domiciled in Bridgeton, New Jersey, when said application for said Mexican divorce was made, and have been so domiciled continuously for the past eighteen years. I also find that the defendant's purpose in going to Mexico, where he remained less than one week, was for the sole and express purpose of obtaining a divorce, and that he never intended to become a citizen of Mexico or domicile at any state therein. Under the authority of *Reik* v. *Reik, 109 N. J. Eq. 615; 158 Atl. Rep. 519; affirmed, 112 N. J. Eq. 234; 163 Atl. Rep. 907,* and the facts in this cause, the divorce granted by the Mexican court must be declared invalid in this state, and I will advise a decree annulling and setting aside said decree. I will also advise a decree of divorce to the petitioner on the grounds of adultery as alleged in her petition, and I award the custody of the said two children to the petitioner.

The Mexican decree ordered that the defendant pay to the petitioner the sum of one hundred and fifty dollars ($150) monthly for the support and education of said two children, and he has been voluntarily paying forty dollars ($40) per week for such purpose. In view of the facts and financial circumstances to the parties to the suit, I will also advise a decree that the defendant pay to the petitioner the sum of fifty dollars ($50) weekly for the support and maintenance

of the petitioner and her said two children, and that he pay to the solicitor of the petitioner a counsel fee of $200, which shall include all expenses of the petitioner, except the taxed costs of this suit which shall also be paid by the defendant.